UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| SCOTT E. MILLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 1:07-CV-0027 PS |
| | ) | |
| LAGRANGE COUNTY SHERIFF, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

Scott Miller, a prisoner confined at the Indiana State Prison, filed a complaint in the LaGrange Superior Court, pursuant to 42 U.S.C. § 1983,[1] alleging that the Sheriff of LaGrange County and County Police Officers D. Hostetler and Faust violated his federal and state rights. The defendants removed the complaint to this Court. Pursuant to 28 U.S.C. § 1915A(a), the Court shall review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Because Mr. Miller is a prisoner as defined in § 1915A(c) and the defendants he seeks redress from are governmental officials, § 1915A requires the Court to screen his complaint, even though he originally filed it in state court.

The Court must review the merits of a prisoner complaint seeking redress from a governmental entity or officer or employee of a governmental entity, and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. Courts apply the

---

[1] Mr. Miller also cites 42 U.S.C. § 1988, but that statute only establishes that plaintiffs who prevail in actions brought under several statutes, including 42 U.S.C. § 1983, are entitled to attorney fees. Award of attorney fees to a *pro se* litigant, however, is not appropriate under § 1988. *Redding v. Fairman*, 717 F.2nd 1105 (7th Cir. 1983).

same standard under § 1915A as when addressing a motion under Fed. R. Civ. P. 12(b)(6) to dismiss a complaint. *Weiss v. Cooley*, 230 F.3d 1027, 1029 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
>
> In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. Miller alleges that on April 24, 2004, Officers Hostetler and Faust "entered by force and without probable cause the motel room in which the plaintiff was a guest, and the brute force entry was in direct violation of the state and federal laws and constitutions." (Complaint at pp. 2-3). Mr. Miller signed his complaint on January 23, 2007, and it was filed in the LaGrange Superior Court on January 26, 2007.

Because there is no federal statute of limitations for actions filed pursuant to § 1983, courts apply the most appropriate state statute of limitations. *Bell v. City of Milwaukee*, 746 F.2d 1205, 1229 (7th Cir. 1984); *Johnson v. City of Fort Lauderdale*, 903 F.Supp. 1520 (S.D.Fla. 1995), affirmed 114 F.3d 1089 (11th Cir. 1997). Section 1983 claims are considered as personal injury claims for purposes of determining the applicable state statute of limitations. *Wilson v. Garcia*, 471 U.S. 261 (1985). "Indiana law requires that any action for injuries to the person or character must be commenced within two years after the cause of action accrues. I.C. 34-11-2-4 (formerly Ind.

Code § 34-1-2-2(1))." *Doe v. Howe Military School*, 227 F.3d 981, 987 (7th Cir. 2001); *see also Snoderly v. R.U.F.F. Drug Enforcement Task Force*, 239 F.3d 892, 894 (7th Cir. 2001) (Two-year statute of limitations "is applicable to all causes of action brought in Indiana under 42 U.S.C. § 1983"). The statute of limitations is an affirmative defense, but if a plaintiff "pleads facts that show his suit is time-barred or otherwise without merit, he has pleaded himself out of court." *Tregenza v. Great American Communications Co.*, 12 F.3d 717, 718 (7th Cir. 1993), *cert. denied*, 511 U.S. 1084 (1994).

The Clerk of the LaGrange Superior Court received the complaint in this case on January 26, 2007. The "mailbox" rule established in *Houston v. Lack*, 487 U.S. 266 (1988), under which a prisoner's submissions to the court are to be deemed as "filed" on the date he delivers it to prison authorities for forwarding to the district court, applies to the initial filing of complaints with the court. *Cooper v. Brookshire*, 70 F.3d 377 (5th Cir. 1995). At the screening stage, this Court uses the date a prisoner signs the complaint as the date he delivered it to prison officials for mailing.

Mr. Miller signed his complaint on January 23, 2007, so, for the purpose of this memorandum, the court will treat any events occurring before January 23, 2005, as beyond the statute of limitations. The complaint establishes that the events Mr. Miller complains of occurred on April 24, 2004, and are beyond the statute of limitations that applies to his federal law claims.

For the foregoing reasons, the Court **DISMISSES**, pursuant to 28 U.S.C. § 1915A(b), all claims that the defendants violated the plaintiff's federally protected rights, and **REMANDS** the

complaint to LaGrange Superior Court for consideration of the plaintiff's state law claims.

**SO ORDERED.**

ENTERED: February 27, 2007


                                        S/ Philip P. Simon
                                        Philip P. Simon, Judge
                                        United States District Court

4