**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| SCOTT E. MILLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 1:07-CV-0027 PS |
| | ) | |
| LaGRANGE COUNTY SHERIFF, *et. al*, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

Scott Miller, a prisoner confined at the Indiana State Prison, filed a complaint in the LaGrange Superior Court, pursuant to 42 U.S.C. § 1983, alleging that the Sheriff of LaGrange County and County Police Officers D. Hostetler and Faust violated his federally and state protected rights. The defendants removed the complaint to this Court, which screened the complaint pursuant to 28 U.S.C. § 1915A, dismissed the federal law claims, and remanded the state law claims to state court. Mr. Miller has filed a motion to correct errors, which the Court construes as a motion to alter or amend the judgment and order pursuant to FED. R. CIV. P. 59.

In his complaint, Mr. Miller alleges that on April 24, 2004, the defendant police officers "entered by force and without probable cause the motel room in which the plaintiff was a guest, and the brute force entry was in direct violation of the state and federal laws and constitutions." (Complaint at pp. 2-3). The Court dismissed his federal law claims as untimely and remanded the state law claims to the LaGrange Superior Court.

In his motion to alter or amend, Mr. Miller argues that "the civil case is not beyond the statute of limitation due to the criminal part of this case was just dismiss[ed on] Jun-10-2005." But Mr. Miller's claims arose when the officers entered by force and without probable cause the motel room in which the plaintiff was a guest. *Booker v. Ward*, 888 F. Supp. 869 (N.D. Ill.

1992), not when any criminal charges arising from that incident were dismissed. *See McCune v. City of Grand Rapids*, 842 F.2d 903, 905-6 (6th Cir. 1988); *Blackmon v. Perez*, 791 F. Supp. 1086, 1091 (E.D.Va. 1992).

But, in any event, this Court lacks jurisdiction to grant this motion because the case has been remanded to state court and only that court has jurisdiction over this case now. "An order remanding a case to the State court from which it was removed is not reviewable on appeal *or otherwise* . . .." 28 U.S.C. § 1447(d) (emphasis added). A motion pursuant to FED. R. CIV. P. 59 is an attempt to have this court review its prior order, but that is barred. "[T]he fact that the court may have made a mistake about its jurisdiction over the remaining claims does not defeat the bar found in § 1447(d)." *Adkins v. Ill. Cent. R.R. Co.*, 326 F.3d 828, 834 (7th Cir. 2003) (*citing Gravitt*, 430 U.S. 723 (1977) and *Briscoe v. Bell*, 432 U.S. 404, 413 n.13 (1977)).

> [T]he rule of nonreviewability found in § 1447(d) means that even remands based on an erroneous belief in the lack of federal subject matter jurisdiction cannot be reviewed.

*Adkins v. Ill. Cent. R.R. Co.*, 326 F.3d 828, 834 (7th Cir. 2003) *(citing Thermtron v. Hermansdorfer*, 423 U.S. 336, 343 (1976)).

For the foregoing reasons, the court **DENIES** the plaintiff's motion to correct errors (DE 9).

**SO ORDERED.**

DATED: April 20, 2007

             S/ Philip P. Simon
             Philip P. Simon, Judge
             United States District Court